**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Debbie L. Eskew, | ) |
|                Plaintiff, | ) ) ) ) ) |
| vs. | ) No. 08cv1978 ) Hon. Magistrate Judge ) Sheila Finnegan |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) |
|                Defendant | ) ) |

**PLAINTIFF'S MOTION FOR JUDGMENT**

NOW COMES Plaintiff, by counsel, and moves this Court to enter judgment remanding this case to the Commissioner of Social Security, and in support thereof states as follows:

1. This civil action requested judicial review of the final decision of the Commissioner of Social Security. Jurisdiction was predicated on 42 U.S.C. § 405(g). This Court denied plaintiff's "Motion to Reverse the Final Decision of the Commissioner of Social Security" by order dated 11.1.2010.

2. Plaintiff appealed to the Seventh Circuit Court of Appeals, docket No. 10-3951. The Court vacated this Court's judgment on 12.2.2011. The Appellate Court stated, in pertinent part, as follows: "The judgment is therefore vacated and the case is remanded to the Social Security Administration for further proceedings" (capitalized and bold letters recast; 2011 WL 6009005 [7th Cir.2011] at *4).

3. The Court of Appeals did not direct this Court to remand the case. The Appeals Court has recognized that it has occasionally failed to include such direction in its orders. The Court has reasoned that it has no jurisdiction to order a remand directly. *See: Punzio v. Astrue*, 09-3064 (Ex. A attached hereto). In that case counsel for plaintiff erroneously filed a petition for attorney

-1-

fees under the Equal Access to Justice Act with the Seventh Circuit Court of Appeals. The motion was denied without prejudice because counsel had not petitioned the District Court to remand the case, where the Appellate Court had not so ordered. Counsel had not initially filed the petition for EAJA fees in the District Court. The Appellate Court relied on *United States v. Thouvenot,...* 596 F.3d 378, 384 (7th Cir. 2010) and *O'Connor* v. *Shalala,* 23 F.3d 1232, 1234-35 (7th Cir.1994; *See:* Ex. A).

4. Nothing further remains to be done in this case except to enter a remand order.

WHEREFORE, for the foregoing reasons, Plaintiff prays this Court to enter judgment remanding this case to the Commissioner of Social Security, and to waive appearance on motion.

                                      Debbie L. Eskew, Plaintiff

                                  By: */s/ Ashley S. Rose*

                                      Ashley S. Rose, Attorney for Plaintiff

LAW OFFICE OF ASHLEY S. ROSE

799 Roosevelt Rd., Building 6, Suite 104

Glen Ellyn, IL. 60137

630/790-9066