## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1978 | **DATE** | 9/20/2012 |
| **CASE TITLE** | Debbie L. Eskew vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 2412 [74] is denied for the reasons set forth in the Statement section of this Written Opinion.

■[ For further details see text below.]   Mailed notice.

## STATEMENT

### Background

Plaintiff Debbie L. Eskew filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 416, 423(d), 1381a. This Court affirmed the Commissioner's ruling, *Eskew v. Astrue*, No. 08 C 1978, 2010 WL 4481774 (N.D. Ill. Nov. 1, 2010), but on December 2, 2011, the Seventh Circuit reversed and remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. *Eskew v. Astrue*, 462 Fed. Appx. 613 (7th Cir. 2011).

Plaintiff now seeks to recover $16,441.76 in fees and $350 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the decision of the ALJ was not "substantially justified."

### Discussion

Under the EAJA, a court may award attorneys' fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). To avoid an award of fees, the Commissioner must prove that "both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified." *Brady v. Astrue*, No. 08 C 4216, 2011 WL 767881, at *1 (N.D. Ill. Feb. 28, 2011) (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)). Where, as here, the Court of Appeals has reversed a decision of the

**STATEMENT**

Commissioner, "the district court should analyze the actual merits of the government's litigating position." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). "If it is apparent from the opinion that the Seventh Circuit did not view the case as being close, then the government's position lacked substantial justification." *Eakin v. Astrue*, No. 09 C 2823, 2011 WL 6156766, at *2 (N.D. Ill. Dec. 12, 2011) (citing *U.S. v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir.2010)).

The Seventh Circuit reversed and remanded this case because the ALJ "fail[ed] to build a 'logical bridge' between the record and his credibility determination."[1] *Eskew*, 462 Fed. Appx. at 616. The court criticized the ALJ's boilerplate assertion that Plaintiff was "not entirely credible," but the ALJ did not ignore the credibility issue altogether. *Cf. Golembiewski*, 382 F.3d at 724 (fees appropriate where, "despite the mandate of SSR 96-7p and court precedent, the body of the ALJ's decision contained no discussion of credibility."). To the contrary, he provided a detailed discussion of Plaintiff's symptoms and testimony, and the reasons he discounted her statements. The Seventh Circuit found that those reasons were insufficient to support the ALJ's credibility finding, but also observed that "the question [wa]s close" as to whether the error was harmless. *Eskew*, 462 Fed. Appx. at 616. "Just as strong language against the Commissioner's position in an opinion is evidence that a position was not substantially justified, . . . a court's decision suggesting a close case supports the denial of fees." *Grieves v. Astrue*, 600 F. Supp. 2d 995, 1000 (N.D. Ill. 2009) (citing *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991)).

The EAJA is "not an automatic fee-shifting statute," so merely prevailing in a lawsuit against the government does not entitle a party to fees. *Brady*, 2011 WL 767881, at *1 (citing *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009)). Moreover, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *2 (N.D. Ill. Feb. 16, 2012) (quoting *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011)). Looking to the government's overall conduct, the Court is satisfied that the Commissioner's position in this close case was substantially justified. Plaintiff's request for EAJA fees is therefore denied.

---

1. The Seventh Circuit rejected two of Plaintiff's arguments on appeal, and declined to consider two others that "may be altered after the ALJ develops a properly supported credibility determination." *Eskew*, 462 Fed. Appx. at 616.