# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1978 | DATE | 10/12/2012 |
| CASE TITLE | Debbie L. Eskew vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Alter or Amend the Judgment [87] is denied for the reasons set forth in the Statement section of this Written Opinion.

■[ For further details see text below.]   Mailed notice.

## STATEMENT

A court may grant a motion to alter or amend the judgment under Rule 59(e) "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Here, Plaintiff seeks to alter or amend this Court's September 20, 2012 Written Opinion denying her motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 83). In that opinion, this Court found that the Commissioner's position in defending the Administrative Law Judge's ("ALJ") decision was substantially justified even though the Seventh Circuit remanded the case for further proceedings. The Court relied on the Seventh Circuit's own observation that "the question [wa]s close" as to whether the ALJ's error in assessing Plaintiff's credibility was harmless. *Eskew v. Astrue*, 462 Fed. Appx. 613, 616 (7th Cir. 2011). "Just as strong language against the Commissioner's position in an opinion is evidence that a position was not substantially justified, . . . a court's decision suggesting a close case supports the denial of fees." *Grieves v. Astrue*, 600 F. Supp. 2d 995, 1000 (N.D. Ill. 2009) (citing *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991)).

Plaintiff argues that this Court "did not appreciate the gravamen of the Court of Appeals' reasons for remanding the case" and "cannot depend upon the statement that the case was close." (Doc. 87 ¶ 3). The Court has carefully reviewed the Seventh Circuit's decision and remains satisfied that in this "close" case, the Commissioner's position in defending the ALJ's decision was substantially justified. Plaintiff has not demonstrated that this finding constitutes a manifest error of law or fact, and her motion to alter or amend the judgment is denied.